## JOHN STORZ, Appellant, v. ALBERT C. BURRAGE, Appellee.

### SYLLABUS BY THE COURT.

1. PRACTICE—TRIALS—CONFLICTING EVIDENCE—PROVINCE OF COURT AND JURY.—In a case involving conflicting locations of mining claims or mines, where it becomes material to ascertain the locations of the original monuments, and a large amount of conflicting evidence has been given before jury upon this and other issues joined; it is error for the court to take the question of fact from the jury and direct them to find for the defendant, it being the province of the jury to determine the weight of the evidence and credibility of the witnesses and determine the facts in the case.

2. ESTOPPEL—FACTS IN PROOF.—In such case, where material and conflicting evidence is heard by a jury but the facts are not determined by them, nor admitted by the parties, an estoppel can not be sustained based upon said facts concerning which testimony was produced before the jury.

*Appeal* from judgment in favor of defendant from district court of Grant county. Reversed and remanded.

The facts will appear from the opinion of the court.

JAMES S. FIELDER, attorney for appellant.

S. M. ASHENFELTER, A. H. HARLLEE AND BANCROFT G. DAVIS for appellee.

McFIE, J.—This is a civil action in the nature of ejectment commenced in the district court for Grant county on the

seventeenth day of August, 1899. The plaintiff sued for possession of two mining claims named the Gonzales and James Pinder (sometimes called the James Pender), both situated in the Santa Rita mining district, Grant county. The defendant filed answer August 22, 1899. On the sixth day of September, 1899, plaintiff upon motion and by leave of the court, amended his complaint by eliminating therefrom all claim made in the original complaint, for the James Pinder mine, and inserting the Santa Rita number 33 lode, which is identical with, and is sometimes called the Gonzales mine. The defendant answered the amended complaint on the seventh day of September, setting up a general denial of wrongful possession, and a claim of rightful possession in the defendant under a mining location known as the Slip mining claim and a purchase thereof from Harris Hamilton, the locator. Replication to the answer was filed by plaintiff on the eighth day of September, and issue being joined, the cause came on for trial before the court and a jury on the eleventh day of September.

Upon the trial the testimony of six witnesses was taken on behalf of the plaintiff, and the testimony of eleven witnesses on behalf of the defendant, and at the conclusion of all the evidence, both for the plaintiff and the defendant, upon motion of the plaintiff's counsel, the court directed the jury to return a verdict for the plaintiff, which was accordingly done, and to which action of the court, the defendant, by his counsel, excepted. Motion for a new trial being overruled, judgment was rendered in favor of the plaintiff for the possession of the property and for costs, from which judgment the defendant appealed to this court.

The first error assigned is that:

"The court erred in refusing to allow this cause to go to the jury 'upon the question of fact presented by the evidence upon the trial,' and the second and fifth errors assigned involve the same point."

The real controversy in this cause relates to a small strip of land about ninety feet wide by three hundred feet in length, which the plaintiff asserts to be within the boundaries of the mining claim Santa Rita number 33 lode, for which David H. Moffatt, Jr., obtained a patent in 1883, and of which the

plaintiff claims ownership by purchase. The defendant's contention in the court below was, that the land in controversy was not embraced within the plaintiff's number 33 lode, but was embraced within the boundaries of a valid mining location called the Slip mining claim which was located by one Harris Hamilton in 1897, which the defendant purchased from Hamilton, and to have been in the rightful possession of the ground in controversy prior to the commencement of this suit. The testimony offered in behalf of the plaintiff tended to prove the boundaries of Santa Rita number 33 lode as indicated by the patent. Two witnesses testified to an actual survey of that lode, to the effect that the patent calls for a lode fifteen hundred feet long by six hundred feet wide. These two witnesses and others testified concerning monuments found upon the ground. The effect of this testimony being to show that four or five monuments were found in making the survey, including the quarter section corner (which was used as a starting point). Appeared to be original monuments of the survey made in the year 1880, and upon which survey the patent was issued; also other monuments were found during the progress of the survey which the witnesses in effect testify were not in place, designating the boundaries of the Santa Rita number 33 lode, and gave evidence of having been moved; that the marked stones were not set in the ground, and appeared to have been temporary and not permanent monuments. A plat was introduced in evidence containing a diagram of the Santa Rita number 33 lode, for the purpose of indicating the particular ground in dispute. This diagram indicates the boundaries of the Santa Rita 33 lode by lines in red ink, purporting to be the boundaries according to the calls in the patent as surveyed by the witnesses, McKee and Addicks, a few days before the trial in the court below. The boundaries of the claim are also designated by lines in black ink, intended to indicate the boundaries of the Santa Rita number 33 lode as claimed by the defendant. Upon the southwest side of the line of this lode as shown by this diagram, the red line extends 82 feet and 7 inches beyond the northwest corner of the lode as indicated upon the black lines and at the center of the lode, the red line extends 100 feet and 3 inches further west than the black line, at a point where the witnesses

testify there is a monument marked N. E. S. R. No. 57, mean-
ing the northeast corner Santa Rita lode number 57; and the
testimony shows that there are six buildings upon this strip
of land between the red and black lines, near the point where
this last mentioned monument was found.   The surveyors
who made the survey for the plaintiff admit, that upon the
black line they found, at least, three piles of stones at the points
indicated on this diagram, but as has been above stated, the
evidence offered on behalf of the plaintiff tends to support
the plaintiff's contention, that these were not original monu-
ments placed there when the survey was made, upon which
patent was issued, but that these monuments had been moved,
and were not in place, upon the southwest side line boundary
of the claim.

Upon the part of the defendant on the trial below, eleven
witnesses were called, including Mr. Read, who testified that
he made the original survey of the Santa Rita number 33 lode,
and erected or caused to be erected the monuments indicating
the boundaries of that claim as surveyed by him; and he further
testified that he surveyed, or assisted in surveying, in addition
to this claim, forty-five or forty-six other claims, embraced
within what is known as the Santa Rita group of mines called
for in the patent in this case, and the relative position of these
lodes to each other, as indicated by the plat introduced in evi-
dence by the plaintiff.   Mr. Read testifies concerning the
monuments found along the southwest side line of the Santa
Rita number 33 lode as indicated by the black line, that these
monuments were erected by him in the year 1880 at the time
he made the original survey for the patent of Santa Rita num-
ber 33 lode, also other claims of that group; that the monu-
ments are the original monuments placed there by him to mark
the southwest boundary line of the said lode, and are still in the
places in which he put them at the time of the original sur-
vey.   He also testifies, that he has visited the neighborhood
of this claim very frequently, probably as often as every two
or three months since the original survey was made, and knows
that those monuments are still where he originally placed them
upon that line.   Other witnesses on behalf of the defense, also
testify, that they have visited the ground in controversy fre-
quently, have seen some of these monuments and that they

were in the same place just prior to the trial below, that they had been for many years before. Some of the witnesses placing the first time they saw some of these monuments, as much as ten, twelve or fifteen years before they gave their testimony.

Upon the trial below, therefore, a large amount of testimony was taken with a view of establishing the location of original monuments erected to indicate the boundaries of the Santa Rita number 33 lode at the time the location and survey for patent was made, and upon which location patent for this claim was issued. It was the province of the jury to determine as a question of fact, where the original monuments of that claim were placed when the survey was made upon which patent issued. The evidence introduced upon the trial was conflicting upon these questions of fact, and it was not the province of the court to determine where the preponderance lay, as that was the duty of the jury solely. At the close of the evidence, inasmuch as there was a substantial conflict of evidence, the court should have permitted the jury, under proper instructions, to have determined the issue of fact involved and return a verdict upon the evidence. The record shows, however, that at the conclusion of the evidence submitted by both the plaintiff and the defendant, upon motion of plaintiff's counsel, the court instructed the jury to return a verdict for the plaintiff, and the jury returned a verdict as directed. In thus withdrawing the case from the consideration of the jury, we are of the opinion that the court erred, as by such decision, in effect the court accepted the evidence for the plaintiff as to courses, distances and area, by assuming these facts to be established while at the same time rejecting evidence for defendant as to monuments. It was material that it should be determined by the jury, where the original monuments were placed, which were erected to mark the boundaries of Santa Rita number 33 lode as originally located and surveyed for patent in the year 1880, especially those marking the southwest side line of that lode, as the controversy involved the boundaries of a mining claim, as to which, the mineral laws of the United States and the laws of the Territory specifically required monuments to be erected as part of valid location and appropriation.

PRADTICE: trial conflicting evidence: province of jury.

It is neither the duty nor the province of this court to consider the question of a preponderance of the evidence, and affirm or reverse the judgment according as the preponderance of the evidence might be found. The jury having heard the evidence, the disputed questions of fact were for their determination, and this court will not invade the province of the jury by determining where the preponderance lies from conflicting evidence. It, therefore, follows that the error assigned in assignments one, two and five must be sustained, and this conclusion works a reversal of the judgment of the court below, and necessitates the remanding of the cause to the lower court for a new trial. Archibeque v. Miera, 1 N. M. 160; Everly v. Carmichel, 8 N. M. 169.

But the appellant insists that this court should render final judgment for the appellant. We are of the opinion, however, that this course should not be pursued in this case. The appellant's request for final judgment is based upon the assumption that appellee's counsel concede in their brief, that the original monuments were where the appellant's witnesses testify that they were found upon the southwest side line of Santa Rita number 33 lode as marked by the black line on Exhibit "D," and, therefore, the question of fact had been settled in appellant's favor. It is true that on page 35 of appellee's brief the following language is used:

"There is no contradiction of evidence as to where the monuments were actually found on the ground; and as our whole argument is based on the theory that, conceding for the purpose of this appeal, that the monuments as found on the ground by the plaintiff's surveyors, were in the positions in which they were originally placed, the courses and distances supported by area and by the plat still govern the monuments, there remained no question for the jury to pass upon about these monuments. Since the rule by which the boundaries were to be determined was decided upon by the court, its application to the facts could lead to but one result."

But it will be seen from this quotation, that what is conceded, is conceded simply for the purpose of this appeal, and this reservation is made very plain when pages 36 and 37 of the brief of the appellee is examined.

"The appellant contends, as shown in his brief, that upon

the record the court should have directed a verdict for the appellant. In answer to that contention, we respectfully submit that, although the appellant had no question to submit to the jury because the rule of construction which we asked the court to apply and which the presiding justice did apply, is applicable to the facts of the case even on the assumption that the monuments were found by appellee's surveyors were where they had been originally placed, yet, if the presiding justice had refused to apply the rule because he believed it to be inapplicable unless we could show that the monuments have been moved from their original position, the appellee would have been entitled to go to the jury on that question; and there is an intimation to that effect by the presiding justice in the record * * *. This court, therefore, can not, at one and the same time, decide that the presiding justice was in error in his ruling in favor of the plaintiff, and also deprive the plaintiff of the privilege to submit to the jury upon a new trial a question that he certainly would have been entitled to submit if the trial court had declined to give the ruling for which he was asked, and which was given."

From this language it is obvious that the appellee does not submit his case to this court with a concession that the monuments found upon the black line were the original monuments erected when the original survey for patent was made, and also waiving his right to have that question submitted to a jury, in the event that this court does not sustain the finding of the court below. The case is submitted by appellee, that this court may determine the case upon the legal question passed upon by the court below, but with the understanding, that the actual location of the original monuments upon the southwest side line of the land in controversy has not been determined, and if deemed material by this court, the appellee reserves the right to have that matter of fact passed upon by a jury upon a rehearing of the case in the court below.

The court below did not consider the questions of fact, as to the actual location of the monuments upon the boundary line in dispute, as a material question, as is plain from the language used by the court, in its direction to the jury to return a verdict for the plaintiff, and as is also gathered from the brief of counsel. The court decided the case as a matter of

law, purely, and held that in this case, courses and distances supported by area govern the monuments, and that it was wholly immaterial where the monuments had originally been placed, or whether or not they had been moved. If, therefore, the conclusion of the court below, was correct, it is wholly immaterial whether Santa Rita number 33 lode was ever monumented as required by the mineral laws of the United States and this Territory, or not. Upon the record before us, however, we can not give assent to this view of the case.

As above indicated by the court, the questions of fact as to where the original monuments were placed upon the plaintiff's mining claim, and whether those found had been moved are deemed material to the proper consideration of this case, and as they were withdrawn from the jury, at the trial below, and are still undetermined, it would be manifestly improper for this court to give judgment for the appellant based upon his contention that monuments control courses, distances and area, until the questions of fact, which are deemed material to a proper determination of the case, have been definitely determined by the trial court.

The question of estoppel sought to be raised by appellant here, can not be determined by this court on the record presented. The estoppel contended for is based upon the assumption, that the appellee

ESTOPPEL: facts in proof.

and his grantors, in the location of the Santa Rita number 57 lode, embraced in the patent, and of the James Pinder mining claim embraced in appellee's original complaint, adopted the southwest side line of Santa Rita number 33 lode, indicated by the black line as an abutting line of those claims, and thus, appellee having in this way recognized the black line, is now estopped to deny it. It is true there was considerable testimony in the court below tending to prove the facts contended for, but as the court withdrew from the jury, the determination of all questions of fact, the verdict of the jury did not determine any questions of fact, either as to monuments or other matters in issue; therefore, although upon that issue, there might, in the opinion of the court, be no conflict of evidence, this court can not assume the facts to be established in order

to sustain the estoppel contended for by counsel for appellant, and thus dispose of the case.

The judgment of the court below, will be reversed and the cause remanded for a new trial.

Mills, C. J., Parker, and Crumpacker, JJ., concur.

---

[883.   February 25, 1901.]